®JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF

ANDREA BRATCHER

**(b)** County of Residence of First Listed Plaintiff:  PHILADELPHIA (PA)
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cary L. Flitter, Esq. and Andrew M. Milz, Esq., Flitter Milz, P.C.,  450 N. Narberth Avenue,
Suite 101, Narberth, PA 19072, (610) 822-0781

## DEFENDANTS

ADMIN RECOVERY, LLC

County of Residence of First Listed Defendant:  ERIE COUNTY (NY)
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated *or* Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated *and* Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [X] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692

Brief description of cause:  Violations of the Fair Debt Collections Protection Act

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: [X] Yes  [ ] No.

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE

DOCKET NUMBER

DATE  1/25/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | | |
|---|---|---|---|
| ANDREA BRATCHER | | : | CIVIL ACTION |
| | v. | : | |
| | | : | |
| ADMIN RECOVERY, LLC | | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)     Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    (     )

(b)     Social Security – Cases requesting review of a decision of the Secretary of Health
        and Human Services denying plaintiff Social Security Benefits                         (     )

(c)     Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( X )

(d)     Asbestos – Cases involving claims for personal injury or property damage from
        exposure to asbestos.                                                                 (     )

(e)     Special Management – Cases that do not fall into tracks (a) through (d) that are
        commonly referred to as complex and that need special or intense management
        by the court. (See reverse side of this form for a detailed explanation of special
        management cases)                                                                     (     )

(f)     Standard Management – Cases that do not fall into any one of the other tracks.         (     )

| | | |
|---|---|---|
| January 25, 2017 | _____ | ANDREW M. MILZ, ESQUIRE |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| 610-822-0781 | 610-667-0552 | AMILZ@CONSUMERSLAW.COM |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

UNITED STATES DISTRICT COURT                                    APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  6143 Chancellor Street, Philadelphia, PA 19136

Address of Defendants:  45 Earhart Drive, Suite 102, Williamsville, NY 14221

Place of Accident, Incident or Transaction: 6143 Chancellor Street, Philadelphia, PA 19136

*Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)          Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?                                              Yes ☐   No ☒

*RELATED CASE, IF ANY:*

   Case Number:_____   Judge _____   Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

   1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                          Yes ☐   No ☒

   2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                                       Yes ☐   No ☒

   3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                           Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*                                    B. *Diversity Jurisdiction Cases:*
1.  ☐  Indemnity Contract, Marine Contract, and All Other Contracts          1.  ☐  Insurance Contract and Other Contracts
2.  ☐  FELA                                                    2.  ☐  Airplane Personal Injury
3.  ☐  Jones Act-Personal Injury                               3.  ☐  Assault, Defamation
4.  ☐  Antitrust                                               4.  ☐  Marine Personal Injury
5.  ☐  Patent                                                  5.  ☐  Motor Vehicle Personal Injury
6.  ☐  Labor-Management Relations                              6.  ☐  Other Personal Injury (Please specify)
7.  ☐  Civil Rights                                            7.  ☐  Products Liability
8.  ☐  Habeas Corpus                                           8.  ☐  Products Liability (Asbestos)
9.  ☐  Securities Act(s) Cases                                 9.  ☐  All other Diversity Cases
10. ☐  Social Security Review Cases                                    (Please specify)
11. ☒  All other Federal Question Cases
        (Please specify) Fair Credit Reporting Act, 15 U.S.C. §1681; 42 U.S.C. §1983

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:
        ☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

        ☐  Relief other than monetary damages is sought

DATE: _____          _____          _____
                                      Attorney-at-Law                      Attorney I.D.

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  1/25/17          _____          207715
CIV.609 (4/03)                     Attorney-at-Law                      Attorney I.D.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA BRATCHER<br>6143 Chancellor Street<br>Philadelphia, PA 19139,<br><br>     Plaintiff<br><br>   vs.<br><br>ADMIN RECOVERY, LLC<br>45 Earhart Dr., Suite 102<br>Williamsville, NY 14221,<br><br>     Defendant | CIVIL ACTION<br><br><br><br>NO. |

## COMPLAINT

### I. INTRODUCTION

1. This is a consumer action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

2. The FDCPA prohibits a debt collector from attempting to collect a debt using any false representation or deceptive means to attempt to collect a debt. 15 U.S.C. § 1692e(10).

3. AR sent Ms. Bratcher a collection letter offering a "one-time opportunity" to pay 50% of the amount due on the account. Six months later, AR sent Ms. Bratcher the same offer to satisfy the same account by paying 50% of the amount due.

4. AR created a false sense of urgency by falsely stating that the first offer to settle was a "one-time opportunity" when it was actually not.

5. Ms. Bratcher hereby seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

## II.   <u>JURISDICTION</u>

6.      Subject matter jurisdiction of this court arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1331, 1337.

## III.   <u>PARTIES</u>

7.      Plaintiff Andrea Bratcher is a consumer who resides in Philadelphia, Pennsylvania at the address captioned.

8.      Defendant Admin Recovery, LLC ("AR") is a New York collection firm, which has an office for the regular transaction of business at the address captioned.

9.      AR regularly engages in the collection of consumer debts by the use of the mails and telephone.

10.     AR regularly attempts to collect debts alleged to be due another.

11.     AR is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   <u>STATEMENT OF CLAIM</u>

12.     AR sent Plaintiff a collection letter dated April 30, 2016 seeking to collect an old disputed Nordstrom account.

13.     In the letter, AR offered Plaintiff a "one-time opportunity" to pay 50% of the amount due to satisfy the account.

14.     On October 19, 2016, AR sent Plaintiff another letter collecting the Nordstrom account.

15.     This letter, again, offered the opportunity to pay 50% of the amount due to satisfy the account.

16.     The initial letter of April 30, 2016 clearly did not represent a "one-time offer."

17.     The false representation that it was a "one-time offer" was intended to create a false sense of urgency.

18.     The FDCPA prohibits "a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The Act goes on to specifically prohibit "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

19.     AR's actions in this matter are precisely the type of actions the anti-deception provisions of the FDCPA are meant to prevent.

20.     The least sophisticated consumer could be influenced by this deceptive language into believing that the offer was actually time-sensitive and that action must be taken quickly in order to accept the settlement offer.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

21.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

22.     Defendant's actions violated the Fair Debt Collection Practices Act by attempting to collect a debt by creating a false sense of urgency, as prohibited by 15 U.S.C. §§ 1692e, 1692e(10).

**WHEREFORE**, Plaintiff Andrea Bratcher demands judgment against Admin Recovery, LLC for:

(a)     Damages;

(b)     Attorney's fees and costs; and

3

(c)     Such other and further relief as the Court shall deem just and proper.

## V.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: _1/25/17_

CARY L. FLITTER
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER MILZ, P.C.
450 N. Narberth Ave., Ste. 101
Narberth, PA, 19072
(610) 668-1225